IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL CARMIE ANTONELLI                                    PETITIONER
REG. #04053-164

V.                              NO. 2:05CV00044 SWW/JWC

LINDA SANDERS, Warden,                                      RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Michael Antonelli, an inmate in the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #2). Respondent has filed a response (docket entry #6), and Petitioner has replied (docket entry #8). For the reasons that follow, the petition should be dismissed.

I.

Following a jury trial in the United States District Court for the Northern District of Illinois, Petitioner was convicted of bank fraud, in violation of 18 U.S.C. § 1344. As a result of this conviction, judgment was entered on September 21, 1998, and he was sentenced to thirty-six months of imprisonment. (Resp't Ex. 1; Resp't Ex. 2 at #339.)[1] The judgment also ordered him to pay restitution as follows:

---

[1]Respondent's exhibits are not numbered; therefore, the exhibits will be referenced in the order in which they are attached to the response. Resp't Ex. 2 is the docket sheet from Petitioner's criminal case, United States v. Antonelli, No. 1:97cr00194-1, in the United States District Court for the Northern District of Illinois (Chicago).

> Defendant shall pay restitution in the amount of $8,443.94 due immediately. Payments to begin immediately through the defendant's participation in the Inmate Financial Responsibility Program.  Any remaining balance shall be [paid] while on parole in equal monthly payments of the defendant's monthly cash flow or at least ten percent of his net earnings, whichever higher.  If the defendant['s] income is over $50,000 a year the defendant shall pay 5% more towards his restitution for every $10,000 made over $50,000.

(Resp't Ex. 1, p.5.)  His conviction was affirmed in a direct appeal.  <u>United States v. Antonelli</u>, 234 F.3d 1274 (7th Cir. 2000) (unpub. table op.).  He did not challenge the restitution order in his direct appeal.  On November 19, 2001, he filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, which was apparently denied.  (Resp't Ex. 2, 11/19/01 entry).

While serving his imprisonment term within the Bureau of Prisons (BOP), Petitioner has signed various "Inmate Financial Contracts," agreeing to submit payments through the Inmate Financial Responsibility Program (IFRP) toward satisfaction of his restitution obligation "until the financial obligation(s) is satisfied."  (Resp't Ex. 3.)  <u>See</u> 28 C.F.R. § 545.11 (2005) (setting forth IFRP procedures).  The most recent contract at the FCI-FC, signed on February 9, 2005, provides for the withdrawal of $25.00 quarterly from Petitioner's inmate account.

In this § 2241 action, Petitioner first contends that the sentencing court's restitution order is an improper delegation of judicial authority because it leaves to the judgment of the BOP, through the IFRP, the amount of monthly restitution payments to be made while he is incarcerated.  He says that the restitution order in his criminal case did not specify the amount or timing of restitution payments and this, as a core judicial function, cannot legally be delegated to the BOP.  He also argues that, by operation of 18 U.S.C. § 3663(f), he has

been relieved of all obligations under the restitution order and that the BOP should not be making him pay a debt that he no longer owes.

II.

Petitioner is incarcerated in this judicial district, but this is not the district where his conviction and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S. Ct. 2984 (2005); see 28 U.S.C. § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him.  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983).  In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated.  Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); DeSimone, 805 F.2d at 323; Cain v. Petrovsky, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Petitioner's claim that the sentencing court's restitution order was an impermissible delegation of power attacks the validity of the sentence and must be brought through a 28 U.S.C. § 2255 motion in the Illinois district court which sentenced him.  Matheny, 307 F.3d at 711-12.  Petitioner states that his attempts to seek collateral relief from the sentencing court through "2255, 2241, coram nobis" have been unsuccessful.  There is no evidence

4

or allegation that Petitioner appealed any of these denials or sought permission from the Seventh Circuit Court of Appeals to file a successive § 2255 motion.  See § 2255 ¶ 8 (successive motion may be allowed if court of appeals certifies that it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").  Instead, he now seeks recourse through a § 2241 habeas petition in this Court.

A petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  § 2255 ¶ 5. Because the sentencing court has already "denied him relief" and he has "failed to apply" to the proper court for further § 2255 relief, this Court cannot entertain Petitioner's § 2241 petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking  § 2255 relief from the sentencing court.  Abdullah, 392 F.3d at 959.  This is a "narrowly-circumscribed 'safety valve.'"  United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.), cert. denied, 537 U.S. 869 (2002).  The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241.  Abdullah, 392 F.3d at 959.  Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a  § 2255 motion and

denied, because a petitioner does not meet the requirements for filing a second or successive § 2255 motion, or because a § 2255 petition is time-barred.   <u>Id.</u>

Therefore, Petitioner is not entitled to proceed under § 2241 as to this claim simply because his previous attempts at seeking collateral relief were rebuffed, or because he believes any further attempts at obtaining relief from the Illinois district court or the Seventh Circuit would be futile.  As in <u>Matheny</u>, this Court should dismiss Petitioner's claim that the sentencing court improperly delegated its judicial power to the BOP by directing the BOP to set the amount and timing of payments on the restitution order.

To the extent that Petitioner challenges the IFRP's payment schedule for satisfying his restitution obligation, his claim concerns the execution of his sentence and is correctly framed as a § 2241 claim in this District, where his sentence is being carried out.  <u>Matheny</u>, 307 F.3d at 711-12.  Even so, the claim cannot entitle him to relief.  The Eighth Circuit has approved inmates' payment of fines and restitution through the IFRP.  <u>Id.</u> at 712.  The Eighth Circuit has further held that the BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of a court-imposed fine or restitution.  <u>Id.</u>

Here, the sentencing court ordered the restitution to be "due immediately" and expressly stated that payments would "begin immediately" through the IFRP, which necessarily contemplates payments during incarceration.  Such language is generally interpreted to require "payment to the extent that the defendant can make it in good faith, beginning immediately."  <u>Id.</u>  Thus, the BOP's periodic payment schedule does not conflict with the sentencing court's immediate payment order, and nothing bars the BOP from ensuring pursuant to the IFRP that Petitioner makes good-faith progress toward satisfying

6

his court-ordered restitution obligation.  McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999).

Therefore, the BOP is not improperly executing Petitioner's sentence by placing him in the IFRP, in compliance with the court's order, or in setting up a payment plan pursuant to the applicable procedures.

### III.

In support of his next argument, Petitioner relies upon a repealed statute, 18 U.S.C. § 3663(f) which, at the time of his offenses in 1987, provided:

> (f)(1)   The court may require that such defendant make restitution under this section within a specified period or in specified installments.
>
> (2)   The end of such period or the last such installment shall not be later than –
>
> (A) the end of the period of probation, if probation is ordered;
>
> (B) **five years after the end of the term of imprisonment imposed, if the court does not order probation;** and
>
> (C) five years after the date of sentencing in any other case.
>
> (3)   If not otherwise provided by the court under this subsection, restitution shall be made immediately.

18 U.S.C. § 3663(f) (1987 Supp.) (repealed by the Mandatory Victims Restitution Act of 1996, Pub. L. No. 104-132, Title II, subtitle A, §§ 201-211, 205(a)(2), 110 Stat. 1214, 1227-41, 1230 (1996)) (emphasis added).

As stated earlier, the sentencing court imposed an order of restitution along with a thirty-six month term of imprisonment.  The judgment was entered in September 1998 and, according to Petitioner, his imprisonment term for this conviction was fully served on March 20, 2000.  He remains incarcerated, presumably on other convictions.  He now argues that,

pursuant to § 3663(f), the restitution order became uncollectible five years after this thirty-six month imprisonment term expired, which would have been in March 2005.  He says he no longer has any obligations under the restitution order and the BOP is making him pay under an order that has "absolutely no force or effect" upon him.

Again, the continuing validity of the sentencing order is a matter for resolution by the court which sentenced Petitioner and imposed the restitution obligation.  Petitioner's failure to seek relief on this basis from the appropriate Illinois district court or the Seventh Circuit Court of Appeals, or his lack of success there, does not entitle him to utilize a § 2241 habeas action in the district of incarceration.

Moreover, to the extent he is attacking the BOP's execution of the terms of the restitution order, he cannot prevail.  The order itself sets no expiration date and clearly contemplates that Petitioner would make payments as long as he is incarcerated, continuing into any parole period to pay "[a]ny remaining balance."  BOP policy advises that, for inmates convicted on or after April 24, 1996, a defendant's obligation to pay restitution ceases twenty years after the inmate's release from incarceration and, for those convicted before that date, the obligation ceases on a "circuit-by-circuit basis," citing 18 U.S.C. § 3613(b).  BOP Prog. Stat. 5380.08, p.6. (8/15/05).

Assuming that the statutes in effect at the time of his offenses apply to Petitioner, including the now repealed § 3663(f),[2] his obligations under the restitution order have not

---

[2]Many courts have held that the Ex Post Facto Clause is violated by the retroactive application of the MVRA's provisions to criminal defendants whose offenses occurred before the MVRA's enactment. See Irene J. Chase, Making the Criminal Pay in Cash: The Ex Post Facto Implications of the Mandatory Victims Restitution Act of 1996, 68 U. Chi. L. Rev. 463, 470-71 & n.55 (Spring 2001).  Respondent has not addressed the applicability of § 3663(f), merely stating that it does not exist.

ceased.  Under a plain reading of § 3663(f), the five-year time limitation only applies where the sentencing court has ordered that restitution be paid by a certain date or in installments.  As the statute states, the "end of such period [set by the court for payment] or "the last such installment [set by the court] shall not be later than ... five years after the end of the term of imprisonment imposed."  As stated earlier, Petitioner's judgment provides for payment immediately, not "within a specified period or in specified installments" and, therefore, it is not subject to the five-year time limitation of § 3663(f)(2)(B).  See United States v. Gresham, 964 F.2d 1426, 1429 (4th Cir. 1992) (construing earlier statute with same language as § 3663(f)) (where judgment provides for immediate payment of fine, "five-year limitation on delayed payments or installment payment schedules simply does not apply"); United States v. House, 808 F.2d 508, 510-11 (7th Cir. 1986) (construing earlier statute) ("[W]hen an order to pay restitution does not establish a period or set a schedule of installments, it also is not limited in time."); see also United States v. Idema, 118 Fed. Appx. 740, 743 (4th Cir. 2005) (§ 3663(f)'s time limitations "apply only when the district court schedules payments over time or by installments").

Furthermore, even if the five-year limitation were somehow applicable, Petitioner's liability under the restitution order would not evaporate after the mere passage of five years.  Instead, it remains enforceable for twenty years after entry of judgment, with a lien in favor of the United States on all of the defendant's property.  18 U.S.C. § 3613(a) (lien arises at entry of judgment imposing fine and continues until liability is "satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to the provision of subsection (b)"), § 3613(b) (lien "becomes unenforceable and liability to pay a fine expires ... twenty years

9

after the entry of the judgment; or upon the death of the individual fined"), § 3663(h) (restitution order is enforceable as provided in § 3613) (1987 Supp.).[3]  See United States v. Rostoff, 164 F.3d 63, 66-68 (1st Cir. 1999) ("The fact that the last payment of restitution is *due* at the end of supervised release has nothing to do with the duration or expiration of the restitution order. ...  Common sense dictates that failure to pay at the time due renders the payment overdue; it does not abate the obligation entirely."); House, 808 F.2d at 511 (five-year provision "does not terminate the obligation to make restitution"); see also Idema, 118 Fed. Appx. at 742-43 (the five-year provision of § 3663(f)(2)(B) "does not limit the district court's jurisdiction to enforce its restitution order if the defendant fails to comply with its order and the restitution remains unsatisfied five years after the defendant completes his term of imprisonment").

Therefore, § 3663(f) does prevent the BOP from requiring Petitioner to continue making payments on the September 1998 restitution order pursuant to his IFRP contract.[4]

IV.

For the foregoing reasons, Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #2) should be DISMISSED in its entirety.  The dismissal should be with prejudice except as to any claims that the restitution order is invalid,  which should be

---

[3]The MVRA, effective April 24, 1996, amended § 3613(b) to provide that liability to pay a fine or restitution expires "the later of 20 years from the entry of judgment **or 20 years after the release from imprisonment of the person fined,** or upon the death of the individual fined."  Because, as noted earlier, application of the MVRA to inmates whose criminal conduct occurred before its enactment raises ex post facto implications, the Court has assumed that the prior version would apply to Petitioner.

[4]In light of the recommendation for dismissal, it is unnecessary to address Respondent's contention, which Petitioner disputes, that he failed to exhaust his administrative remedies within the BOP.

dismissed without prejudice to any further attempts by Petitioner to present his arguments

to the sentencing court or the Seventh Circuit Court of Appeals.   Petitioner's motions for

judgment on the pleadings and to expedite proceedings (docket entries #10, #14) should

be denied.

DATED THIS 10th day of November, 2005.


_____
UNITED STATES MAGISTRATE JUDGE